FILED

2011 JAN 27  AM 8: 48

CLERK US ~~~~~~~~~~~
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>        vs.<br><br><br>REPLY!, INC.,<br><br>                              Defendants. | CASE NO. 10-CV-1267 BEN (WMc)<br><br>ORDER<br><br>(1) GRANTING MOTION TO DISMISS BY DEFENDANT REPLY!, INC.; AND<br><br>(2) DENYING AS MOOT MOTION FOR A MORE DEFINITE STATEMENT BY DEFENDANT REPLY!, INC.<br><br>[Docket No. 11] |

Before this Court is Defendant REPLY!, INC.'s ("Defendant") Motion to Dismiss First Amended Complaint, or, in the Alternative, Defendant's Motion for a More Definite Statement. For the reasons stated herein, the Motion to Dismiss is **GRANTED** and the Motion for a More Definite Statement is **DENIED AS MOOT**.

## BACKGROUND

This action arises from an unspecified number of phone calls Plaintiff Erik Knutson ("Plaintiff") alleges he received on his cellular telephone from Defendant on or after March 1, 2010. (Pls.' First Am. Compl. ¶ 6, Aug. 24, 2010.) Plaintiff alleges the calls were solicitations related to his real estate business, and that he incurred a charge for the calls. (Am. Compl. ¶¶ 7, 8.) Plaintiff further alleges the calls were placed with the use of an "automatic telephone dialing system." (Am. Compl. ¶ 6.)

1    On June 14, 2010, Plaintiff initiated this Class Action against Defendant on behalf of himself

2    and all others similarly situated. (Docket No. 1.) Plaintiff alleges Defendant made numerous calls

3    to an unspecified national class of people, and that each call is a violation of the Telephone

4    Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

5    The operative complaint is the First Amended Complaint filed on August 24, 2010. (Docket

6    No. 7) On September 7, 2010, Defendant filed the Motion currently before the Court. (Docket No.

7    11) Plaintiff filed an opposition, and Defendant filed a reply. (Docket Nos. 14, 15) The Court finds

8    the Motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1.d.1.

9    **MOTION TO DISMISS**

10    Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual

11    allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp.*

12    *v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must

13    state "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the

14    matter complained of. *Id.* at 556. The Plaintiff is required to provide more than just labels and legal

15    conclusions, "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

16    The TCPA makes it unlawful for any person within the United States or any person outside

17    the United States if the recipient is within the United States

18    (A) to make any call (other than a call made for emergency purposes or
19    made with the prior express consent of the called party) using any
     automatic telephone dialing system or an artificial or prerecorded voice-
20    - ...

21    (iii) to any telephone number assigned to a paging service, cellular
     telephone service, specialized mobile radio service, or other radio
22    common carrier service, or any service for which the called party is
     charged for the call[.]

23    TCPA, 47 U.S.C. § 227(b)(1)(A). The statute indicates that these types of calls are not

24    unlawful if made with the express consent of the calling party, but the FCC has clarified that this

25    argument is a defense and not an element that must be pled by Plaintiff. *See* FCC Declaratory Ruling

26    07-232, 23 F.C.C.R. 559 (Dec. 28, 2007) ("To ensure that creditors and debt collectors call only

27    those consumers who have consented to receive autodialed and prerecorded message calls, we

28    conclude that the creditor should be responsible for demonstrating that the consumer provided prior

1    express consent."). The only elements Plaintiff must successfully plead are: that Defendant made

2    the call; Plaintiff was charged for the call; and the call was made using any automatic telephone

3    dialing system or an artificial or prerecorded voice.

4            In his First Amended Complaint, Plaintiff states he received several calls from Defendant in

5    the six months between March 1, 2010 and the date the complaint was filed in August. (Am. Compl.

6    ¶ 6.) Plaintiff also states he incurs a charge for incoming calls on his cellular telephone. (Am.

7    Compl. ¶ 8.) When considering a Motion to Dismiss, "all allegations of material fact are taken as

8    true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice*

9    *Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). The Court finds Plaintiff has sufficiently

10   alleged the first two elements required for a complaint based on the TCPA. However, Plaintiff has

11   not sufficiently plead the third element.

12           Plaintiff's complaint includes the allegation that Defendant used an "automatic dialing

13   system as defined by 47 U.S.C. § 227(a)(1)." (Am. Compl. ¶ 6.) The TCPA defines an automatic

14   telephone dialing system as "equipment which has the capacity to store or produce telephone

15   numbers to be called, using a random or sequential number generator; and to dial such numbers."

16   47 U.S.C. § 227(a)(1). "As an isolated assertion, it is conclusory to allege that messages were sent

17   'using equipment that, upon information and belief, had the capacity to store or produce telephone

18   numbers to be called, using a random or sequential number generator.' Such a naked assertion need

19   not be taken as true." *Kramer v. Autobytel, Inc.*, 2010 U.S. Dist. LEXIS 137257 at *12-*13 (N.D.

20   Cal. Dec. 29, 2010).

21           While it may be difficult for a plaintiff to know the type of calling system used without the

22   benefit of discovery, the court in *Kramer* relied on allegations about the call to infer the use of an

23   automatic system. "Kramer described messages from SMS short code 77893, a code registered to

24   B2Mobile. The messages were advertisements written in an impersonal manner. Kramer had no

25   other reason to be in contact with Defendants." *Id.* at *13. Here, the complaint gives no details about

26   the manner of the calls except that they were solicitations about Defendant's real estate related

27   business. (Am. Compl. ¶ 7.) There is nothing in the complaint that allows the court to infer the calls

28   were randomly generated or impersonal.

1    Accordingly, the Court finds that Plaintiff has failed to state a claim for relief based on the

2    Telephone Consumer Protection Act because he has failed to plead one of the necessary elements.

3

4                    **MOTION FOR A MORE DEFINITE STATEMENT**

5    In addition to the Motion to Dismiss, Defendant has asked the court to consider in the

6    alternative a Motion for a More Definite Statement.  (Docket No. 11.)  Given the Court's dismissal

7    of Plaintiff's claims in this action, Defendant's Motion for a More Definite Statement is **DENIED**

8    **AS MOOT**.

9                                **CONCLUSION**

10   In light of the above, the Court **GRANTS** Defendant's Motion to Dismiss.  The Court will

11   however grant Plaintiff leave to amend the complaint.  Plaintiff may file an amended complaint,

12   curing the deficiency identified above, on or before February 18, 2011.

13

14   Date: 1/26/2011

15                          Hon. Roger T. Benitez
16                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28