# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK KNUTSON,<br><br>                Plaintiff,<br>  vs.<br><br>REPLY!, INC.,<br><br>                Defendant. | CASE NO. 10cv1267 BEN (WMc)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket No. 20] |

Defendant Reply, Inc. has moved to dismiss Plaintiff's Second Amended Complaint ("SAC"). Because Plaintiff has cured the pleading deficiency identified in the Court's prior order, Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

The Court detailed the factual allegations of Plaintiff's First Amended Complaint ("FAC") in detail in the Court's prior order. (Court's January 26, 2011 Order Granting Defendants' Motion to Dismiss 1-2.) Only Plaintiff's additional allegations, intended to cure the pleading deficiency identified in the Court's prior order, are included here.

The SAC includes additional allegations addressing Defendant's use of an automatic telephone dialing system. Plaintiff alleges that a particular number displayed when Plaintiff received calls and that when Plaintiff attempted to call the number, it did not ring and was automatically terminated within moments of Plaintiff placing the call. Plaintiff also alleges that when he received the calls, he inquired as to who was calling and received no response. After approximately five seconds, he could hear the line click over to another party.

## MOTION TO DISMISS

Plaintiff alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). The TCPA prohibits making a call, other than for emergency purposes or with consent, to a cellular telephone using an automatic telephone dialing system. The only deficiency in Plaintiff's FAC was his failure to plead facts supporting his conclusory assertion that Defendant used an automatic dialing system as defined by 47 U.S.C. § 227(a)(1).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the matter complained of. *Id*. at 556.

In reviewing Plaintiff's FAC, the Court noted the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery and indicated that Plaintiff could rely on allegations about the details of the call from which the Court could infer the use of an automatic dialing system. (Court's January 26, 2011 Order relying on *Kramer v. Autobytel, Inc.*, 2010 U.S. Dist. LEXIS 137257 at *12-13 (N.D. Cal. Dec. 29, 2010)).

Plaintiff's additional allegations concerning the details of the calls are sufficient to "raise a reasonable expectation that discovery will reveal evidence of the matter" complained of. *Bell Atl. Corp.*, 550 U.S. at 556.

## CONCLUSION

Defendant's motion to dismiss is **DENIED**. Defendant shall file an answer to the SAC on or before May 4, 2011. The April 18, 2011 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: April 13, 2011

Hon. Roger T. Benitez
United States District Judge